O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW WIMBERLY, | ) Case No. CV 11-4933-JPR |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OPINION AND ORDER<br>) AFFIRMING THE COMMISSIONER |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) |
| Defendant. | ) |

**I. PROCEEDINGS**

Plaintiff Matthew Wimberly seeks review of the Commissioner's final decision denying his application for Supplemental Security Income benefits ("SSI"). The matter is before the Court on the parties' cross-motions for summary judgment. The Court has taken both motions under submission without oral argument. For the reasons stated below, Plaintiff's motion is denied and Defendant's is granted, the decision of the Commissioner is affirmed, and this action is dismissed with prejudice.

**II. BACKGROUND**

Plaintiff was born on July 23, 1962. (Administrative Record

("AR") 37.)  He has past work experience as a caregiver, construction worker, and laborer. (AR 64.)  Plaintiff originally filed an application for SSI benefits on December 7, 2004, alleging disability beginning on April 1, 2004, from injuries to his hands, gunshot wounds in his legs, and arthritis in his hands and legs. (AR 63.)  Following a 2006 hearing before an Administrative Law Judge ("ALJ"), the ALJ determined that Plaintiff retained the residual functional capacity ("RFC")[1] to perform a significant number of jobs that existed in the local and national economy. (AR 14.)  After a request for review by the Appeals Council was denied, Plaintiff appealed to this Court, which concluded that remand was appropriate because the ALJ had improperly ignored the opinion of a state agency physician. See Wimberly v. Astrue, No. CV 07-1952-JC, 2008 WL 4381617 (C.D. Cal. Sept. 25, 2008).

Upon remand, a hearing was held before ALJ Cynthia A. Minter on October 22, 2009. (AR 271.)  Plaintiff, who was represented by counsel, testified at the hearing, as did a Vocational Expert, Barbara Miksic ("VE Miksic"). (Id.)  The ALJ determined that Plaintiff had a more limited RFC than found by the ALJ in the 2006 hearing decision. (AR 273-74.)  She nevertheless found that Plaintiff was not disabled and denied the application. (AR 271-79.)  On April 6, 2011, the Appeals Council declined review. (AR 253-55.)

---

[1] RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  20 C.F.R. § 416.945(a); see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

Plaintiff contends that the ALJ's determination that Plaintiff could perform gainful work available in the national economy was not supported by substantial evidence. (Pl.'s Mot. at 3-9.)  Specifically, Plaintiff challenges the ALJ's finding that he could perform the occupation of "call out operator" as well as her determination that the occupation of "surveillance system monitor" existed in sufficient numbers in the economy suitable to his limitations. (Pl.'s Mot. at 5-7.)  Plaintiff also argues that even if he did have the RFC to perform the identified occupations, a finding of disabled was still warranted based on a comparison to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201. (Pl.'s Mot. at 6-8).

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the decision of the Commissioner (or ALJ) to deny benefits.  The Court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996).  "Substantial evidence is more than a scintilla, but less than a preponderance."  <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998).  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  <u>Id.</u>  To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  <u>Aukland</u>,

257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing that conclusion, a court may not substitute its judgment for that of the Commissioner, and the ALJ's decision must be upheld.  Reddick, 157 F.3d at 720-21.

**IV.   THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a severe physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

   A.   The Five-Step Evaluation Process

The Commissioner follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20 C.F.R. § 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.  § 416.920(a)(4)(i).  If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made.  § 416.920(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to

determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. § 416.920(a)(4)(iii). If the claimant's impairment does not meet an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient RFC to perform his past work; if so, the claimant is not disabled. § 416.920(a)(4)(iv). The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. § 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. § 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

    B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since December 7, 2004. (AR 273.) At step two, the ALJ concluded that Plaintiff "has the following severe impairments: he is status post a right hand fracture and right elbow injury and he is status post gun shot wound injuries to the bilateral thighs." (Id.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the

impairments in the Listing.  (Id.)  At step four, the ALJ made the following findings:

> [T]he claimant has the [RFC] to lift and carry 10 pounds frequently and up to 15 pounds occasionally, he requires a job which allows him to alternate between sitting and standing, he is unable to walk and stand more than 2 hours in an 8 hour workday and he can sit 6 hours in an 8 hour workday.  However, after sitting for 30 minutes, he would need to alternate positions to standing so that he can move around in his work area for up to 5 minutes at a time.  Additionally, he would be limited to occasional above the shoulder reaching with the right hand and arm, but would be capable of frequent above the shoulder reaching with the left hand and arm.  He would have difficulty handling with the right hand with difficulty gasping due locking of the fingers and a grasp which may be incomplete. This may lead to difficulty holding a glass and the claimant might be prone to dropping things due to his grasp. Additionally, he would be limited to occasional fingering with the right hand and fingering with keyboarding may be difficult due to finger locking.  Lastly, the claimant would be limited to occasional pushing and pulling with the right upper extremity and left lower extremity, but he is capable of frequent pushing and pulling with the left upper extremity.

(AR 273-74.)  The ALJ therefore determined that Plaintiff was unable to perform any past relevant work.  (AR 277.)  At step

1 five, the ALJ found that Plaintiff could perform other work that
2 existed in significant numbers in the national economy. (AR
3 278.) Specifically, the ALJ found that Plaintiff was capable of
4 performing the jobs of surveillance system monitor, based on the
5 testimony of VE Miksic at the October 22, 2009 hearing, and call-
6 out operator, based on evidence from the 2006 hearing. (Id.)

7     At the October 2009 hearing, after VE Miksic testified that
8 Plaintiff could perform the surveillance system monitor job,
9 Plaintiff's counsel asked,

10     [W]e have this person who's 47 years old and if we're
11     going to compare this 47-year-old person who could do the
12     full range of sedentary work who's three years older,
13     someone who was 50, so [your] testimony is telling us
14     that basically that these physical limitations that have
15     been documented are a greater vocational detriment than
16     three years of age, is that correct?

17 (AR 388.) VE Miksic responded, "Yes." (AR 389.) The ALJ then
18 asked,

19     [C]ould you say that again? You kind of lost me. I
20     thought I was on the same wave length but I just want to
21     be sure I understand your argument.

22 (Id.) Counsel then stated,

23     What I was positing was comparing this hypothetical
24     person here with the one job to a person who's 50 years
25     old who has basically the full range of sedentary work.
26     Who's worse off, essentially, this 47-year-old person or
27     someone who's three years older who can do the full range
28     of sedentary work and Ms. Miksic testified that these

>vocational factors and impairments and limitations are worse vocationally. So, what I'm saying is that if a person who's 50 years old is disabled at sedentary, my client who's limited to the one job would also have to be found disabled.

(Id.) The ALJ responded that that was a "creative" argument. (Id.)

**V.   DISCUSSION**

> **A.   <u>The ALJ Properly Found that Sufficient Numbers of Surveillance System Monitor Jobs Existed in the Economy that Plaintiff Could Perform</u>**

Plaintiff contends that the ALJ erred in adopting the testimony of VE Miksic regarding the number of surveillance system monitor jobs in the economy because the numbers were not supported by substantial evidence. (Pl.'s Mot. at 6.) At the hearing, VE Miksic testified that someone with Plaintiff's RFC would be able to perform the occupation of surveillance system monitor, which involves sedentary work and carries the number 379.367-010 in the Dictionary of Occupational Titles ("DOT"). See 1991 WL 673244. (AR 385.) She further testified that there were approximately 1500 such jobs locally and 98,000 nationally. (Id.) In response to a question from Plaintiff's counsel regarding the source of this information, the VE testified that she had used data from the U.S. Bureau of Labor Statistics from the first quarter of 2009. (AR 386.)

Following the ALJ's decision denying benefits, Plaintiff submitted new evidence to the Appeals Council seemingly undermining VE Miksic's testimony regarding the availability of

surveillance system monitor jobs suitable to Plaintiff's RFC. (AR 256-67.)  The evidence consisted primarily of two statements from the Occupational Employment Quarterly ("OEQ"), a publication of United States Publishing Company, a private company.  The statements were from the third quarter of 2009 and showed that there were no surveillance system monitor positions available in the national or local economy at the sedentary level.[2]  (AR 256-67.)  As Plaintiff has an RFC that is even more restrictive than sedentary, the OEQ statements purportedly demonstrated that no surveillance system monitor jobs that Plaintiff could perform existed in the relevant time period.  (AR 278.)  The Appeals Council denied review, finding that the additional documentation was "insufficient to rebut the testimony of the vocational expert and the [DOT]."  (AR 253.)

When, as here, "new and material evidence is submitted" to the Appeals Council relating "to the period on or before the date of the [ALJ's] hearing decision," the Appeals Council must consider the additional evidence in determining whether to grant review.  See 20 C.F.R. § 416.1470(b).  When, as here, the Appeals Council did consider additional evidence but denied review, the additional evidence becomes part of the administrative record for purposes of this Court's analysis.  See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000); Taylor v. Comm'r of Soc. Sec.

---

[2] The OEQ statements submitted by Plaintiff list employment based on census codes.  Each census code comprises a group of codes from the DOT.  The DOT code for surveillance system monitor, 379.367-010, falls under census code 392.  (AR 261.) The OEQ statements, which break down employment data for each census code into exertional levels, state that there are no "sedentary" positions for census code 392.  (AR 265, 267.)

9

Admin., 659 F.3d 1228, 1232 (9th Cir. 2011). This Court then engages in an "overall review" of the ALJ's decision, including the new evidence, to determine whether the decision was "supported by substantial evidence" and was "free of legal error."[3] Taylor, 659 F.3d at 1232.

The resolution of this case is governed by Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996). In that case, the ALJ relied upon the Medical-Vocational Guidelines to find that there were jobs in the national economy that the claimant could perform. Id. In seeking review of the ALJ's decision, the claimant submitted to the Appeals Council a vocational expert's report concluding that there were no jobs she could perform. Id. at 971. The Ninth Circuit held that because the ALJ relied on proper evidence in concluding to the contrary, the Appeals Council was "free to reject evidence produced by [the claimant's] vocational expert, evidence which was obtained after an adverse administrative decision." Id. at 972. Moreover, the Appeals Council was not required to make any findings concerning its rejection of the evidence. Id.

Here, similarly, the ALJ's decision was supported by substantial evidence and free of legal error because she properly relied on VE Miksic's testimony, as to which Plaintiff has not

---

[3] This review comes under "sentence four" of 42 U.S.C. § 405(g), not "sentence six." See, e.g., Boucher v. Astrue, No. C09-1520-JCC, 2010 WL 2635078 (W.D. Wash. June 25, 2010). "Sentence six" review considers whether to compel the Commissioner to accept "additional evidence" not previously "incorporate[d] . . . into the record." § 405(g). Here, the Commissioner already incorporated the additional evidence into the record before the Appeals Council.

identified any error, and the DOT.  See 20 C.F.R. § 416.966(e) (authorizing ALJs to rely on vocational expert testimony to determine occupational issues); Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001) (testimony of qualified vocational expert constitutes substantial evidence).  Rather, Plaintiff seems to claim only that his evidence, which he likewise did not present until "after an adverse administrative decision," was somehow "better" than VE Miksic's testimony and the DOT's description of the surveillance system monitor job as sedentary. See DICOT 379.367-010, 1991 WL 673244.  That is not enough to gain remand.  See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

    Accordingly, substantial evidence supported the ALJ's finding that Plaintiff could perform the surveillance system monitor job, and that determination was free of legal error.[4]  Thus, remand is not warranted on this basis.[5]

---

[4] Because the Commissioner properly concluded that Plaintiff could perform the job of surveillance system monitor, the Court does not consider Plaintiff's argument that it erred in finding that he could perform the call-out operator job.  Any error was necessarily harmless.  See Gray v. Comm'r of Soc. Sec. Admin., 365 F. App'x 60, 63 (9th Cir. 2010) (affirming ALJ's finding that Plaintiff could find work because, "[e]ven assuming, arguendo, that two of the three jobs named by the [vocational expert] . . . were inconsistent with [plaintiff's residual functional capacity]," third job was not and was enough to support ALJ's conclusion).

[5] The Court further notes that Plaintiff has not presented any reason why he did not proffer his evidence, which presumably was available at the time of the hearing (if not for the third quarter of 2009, then for the second quarter), to the ALJ, rather

B. <u>Plaintiff's Argument that a Finding of Disabled Was Warranted Based on the Grid Is Without Merit</u>

Plaintiff contends that a finding of disabled was warranted based on comparison of the occupational base available to him with the occupational base available to other claimants who are considered disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201 ("the grid"). (Pl.'s Mot. at 7-8.) According to Plaintiff, he is capable of performing fewer jobs than a person who would have been deemed disabled under Rule 201.12 of the grid and thus was entitled to a "disabled" determination. (<u>Id.</u>); 20 C.F.R. Pt. 404, Subpt. P, App. 2, R. 201.12. Specifically, Plaintiff asserts that he is "worse off vocationally" than a person three years older but capable of performing the full range of sedentary work. (Pl.'s Mot. at 7.) He cites <u>Swenson v. Sullivan</u>, 876 F.2d 683, 689 (9th Cir. 1989), for the proposition that comparison to adjacent grid rules is appropriate. (<u>Id.</u> at 7-8.)

<u>Swenson</u> merely stands for the proposition that an ALJ errs

---

than waiting to submit it to the Appeals Council. Reviewing administrative records supplemented with information the ALJ did not consider "mire[s]" the federal courts "in an Alice in Wonderland exercise of pretending that evidence the real ALJ didn't know existed was really before him." <u>Angst v. Astrue</u>, 351 F. App'x 227, 229-30 (9th Cir. 2009) (Rymer, J., concurring). It also encourages inertia by not penalizing those who, for no reason other than lack of preparation, do not present their best evidence to the ALJ. <u>Taylor</u> relies on <u>Ramirez v. Shalala</u>, 8 F.3d 1449 (9th Cir. 1993), for the proposition that review of such evidence in these circumstances is proper, <u>see</u> 659 F.3d at 1232, but in fact <u>Ramirez</u> did not decide the issue. <u>See</u> <u>Angst</u>, 351 F. App'x at 229; <u>Mayes v. Massanari</u>, 276 F.3d 453, 461 n.3 (9th Cir. 2001). Nonetheless, because <u>Taylor</u> holds that district courts must consider such evidence and review the "overall record," the Court does so here.

12

by failing to clarify ambiguous testimony concerning the operation of the grid. 876 F.2d at 688. There is no statute, regulation, or case law holding that an ALJ must carry out a comparison between entries on the grid.

In this case, the ALJ <u>did</u> seek clarification of the record. After Plaintiff's counsel asked VE Miksic about whether Plaintiff was in a worse position than someone three years older with fewer RFC limitations and VE Miksic answered that he was, the ALJ asked,

> [C]ould you say that again? You kind of lost me. I thought I was on the same wave length but I just want to be sure I understand your argument.

(AR 389.) Counsel then explained his position further, and the ALJ responded that it was a "creative" argument. (<u>Id.</u>) Thus, the ALJ did all that was required of her. Accordingly, remand is not warranted on this ground.

**VI. CONCLUSION**

For the reasons stated above, Plaintiff's motion for summary judgment is DENIED, Defendant's motion for summary judgment is GRANTED, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice.

DATED: <u>February 21, 2012</u>

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE