O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTHEW WIMBERLY,                    ) Case No. CV 11-4933-JPR
                                     )
                 Plaintiff,          )
                                     )
           vs.                       ) MEMORANDUM OPINION AND ORDER
                                     ) AFFIRMING THE COMMISSIONER
MICHAEL J. ASTRUE,                   )
Commissioner of the Social           )
Security Administration,             )
                                     )
                 Defendant.          )
                                     )
_____

**I. PROCEEDINGS**

       Plaintiff Matthew Wimberly seeks review of the
Commissioner's final decision denying his application for
Supplemental Security Income benefits ("SSI").  The matter is
before the Court on the parties' cross-motions for summary
judgment.  The Court has taken both motions under submission
without oral argument.  For the reasons stated below, Plaintiff's
motion is denied and Defendant's is granted, the decision of the
Commissioner is affirmed, and this action is dismissed with
prejudice.

**II. BACKGROUND**

       Plaintiff was born on July 23, 1962.  (Administrative Record

1

("AR") 37.)  He has past work experience as a caregiver, construction worker, and laborer.  (AR 64.)  Plaintiff originally filed an application for SSI benefits on December 7, 2004, alleging disability beginning on April 1, 2004, from injuries to his hands, gunshot wounds in his legs, and arthritis in his hands and legs.  (AR 63.)  Following a 2006 hearing before an Administrative Law Judge ("ALJ"), the ALJ determined that Plaintiff retained the residual functional capacity ("RFC")[1] to perform a significant number of jobs that existed in the local and national economy.  (AR 14.)  After a request for review by the Appeals Council was denied, Plaintiff appealed to this Court, which concluded that remand was appropriate because the ALJ had improperly ignored the opinion of a state agency physician.  See Wimberly v. Astrue, No. CV 07-1952-JC, 2008 WL 4381617 (C.D. Cal. Sept. 25, 2008).

Upon remand, a hearing was held before ALJ Cynthia A. Minter on October 22, 2009.  (AR 271.)  Plaintiff, who was represented by counsel, testified at the hearing, as did a Vocational Expert, Barbara Miksic ("VE Miksic").  (Id.)  The ALJ determined that Plaintiff had a more limited RFC than found by the ALJ in the 2006 hearing decision.  (AR 273-74.)  She nevertheless found that Plaintiff was not disabled and denied the application.  (AR 271-79.)  On April 6, 2011, the Appeals Council declined review.  (AR 253-55.)

---

[1] RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  20 C.F.R. § 416.945(a); see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

1    Plaintiff contends that the ALJ's determination that
2  Plaintiff could perform gainful work available in the national
3  economy was not supported by substantial evidence. (Pl.'s Mot.
4  at 3-9.)   Specifically, Plaintiff challenges the ALJ's finding
5  that he could perform the occupation of "call out operator" as
6  well as her determination that the occupation of "surveillance
7  system monitor" existed in sufficient numbers in the economy
8  suitable to his limitations. (Pl.'s Mot. at 5-7.)   Plaintiff
9  also argues that even if he did have the RFC to perform the
10 identified occupations, a finding of disabled was still warranted
11 based on a comparison to the Medical-Vocational Guidelines, 20
12 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201. (Pl.'s Mot. at
13 6-8).

14 **III. STANDARD OF REVIEW**

15    Under 42 U.S.C. § 405(g), a district court may review the
16 decision of the Commissioner (or ALJ) to deny benefits.   The
17 Court may set aside the Commissioner's decision when the ALJ's
18 findings are based on legal error or are not supported by
19 substantial evidence in the record as a whole.   <u>Aukland v.</u>
20 <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Smolen v. Chater</u>,
21 80 F.3d 1273, 1279 (9th Cir. 1996).   "Substantial evidence is
22 more than a scintilla, but less than a preponderance." <u>Reddick</u>
23 <u>v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998).   It is "relevant
24 evidence which a reasonable person might accept as adequate to
25 support a conclusion." <u>Id.</u>   To determine whether substantial
26 evidence supports a finding, the court must "'consider the record
27 as a whole, weighing both evidence that supports and evidence
28 that detracts from the [Commissioner's] conclusion.'" <u>Aukland</u>,

3

1  257 F.3d at 1035 (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th

2  Cir. 1993)).  If the evidence can reasonably support either

3  affirming or reversing that conclusion, a court may not

4  substitute its judgment for that of the Commissioner, and the

5  ALJ's decision must be upheld.  <u>Reddick</u>, 157 F.3d at 720-21.

6  **IV.  THE EVALUATION OF DISABILITY**

7      People are "disabled" for purposes of receiving Social

8  Security benefits if they are unable to engage in any substantial

9  gainful activity owing to a severe physical or mental impairment

10 that is expected to result in death or which has lasted, or is

11 expected to last, for a continuous period of at least 12 months.

12 42 U.S.C. § 423(d)(1)(A); <u>Drouin v. Sullivan</u>, 966 F.2d 1255, 1257

13 (9th Cir. 1992).

14     A.   <u>The Five-Step Evaluation Process</u>

15     The Commissioner follows a five-step sequential evaluation

16 process in assessing whether a claimant is disabled.  20 C.F.R.

17 § 416.920(a)(4); <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir.

18 1995) (as amended Apr. 9, 1996).  In the first step, the

19 Commissioner must determine whether the claimant is currently

20 engaged in substantial gainful activity; if so, the claimant is

21 not disabled and the claim is denied.  § 416.920(a)(4)(i).  If

22 the claimant is not engaged in substantial gainful activity, the

23 second step requires the Commissioner to determine whether the

24 claimant has a "severe" impairment or combination of impairments

25 significantly limiting his ability to do basic work activities;

26 if not, a finding of nondisability is made.  § 416.920(a)(4)(ii).

27 If the claimant has a "severe" impairment or combination of

28 impairments, the third step requires the Commissioner to

4

determine whether the impairment or combination of impairments
meets or equals an impairment in the Listing of Impairments
("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix
1; if so, disability is conclusively presumed and benefits are
awarded.  § 416.920(a)(4)(iii).  If the claimant's impairment
does not meet an impairment in the Listing, the fourth step
requires the Commissioner to determine whether the claimant has
sufficient RFC to perform his past work; if so, the claimant is
not disabled.  § 416.920(a)(4)(iv).  The claimant has the burden
of proving that he is unable to perform past relevant work.
Drouin, 966 F.2d at 1257.  If the claimant meets that burden, a
prima facie case of disability is established.  Id.  If that
happens or if the claimant has no past relevant work, the
Commissioner then bears the burden of establishing that the
claimant is not disabled because he can perform other substantial
gainful work available in the national economy.  § 416.920(a)
(4)(v).  That determination comprises the fifth and final step in
the sequential analysis.  § 416.920; Lester, 81 F.3d at 828 n.5;
Drouin, 966 F.2d at 1257.

B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in
any substantial gainful activity since December 7, 2004.  (AR
273.)  At step two, the ALJ concluded that Plaintiff "has the
following severe impairments: he is status post a right hand
fracture and right elbow injury and he is status post gun shot
wound injuries to the bilateral thighs."  (Id.)  At step three,
the ALJ found that Plaintiff did not have an impairment or
combination of impairments that met or equaled any of the

5

impairments in the Listing. (Id.) At step four, the ALJ made
the following findings:

> [T]he claimant has the [RFC] to lift and carry 10 pounds
> frequently and up to 15 pounds occasionally, he requires
> a job which allows him to alternate between sitting and
> standing, he is unable to walk and stand more than 2
> hours in an 8 hour workday and he can sit 6 hours in an
> 8 hour workday. However, after sitting for 30 minutes,
> he would need to alternate positions to standing so that
> he can move around in his work area for up to 5 minutes
> at a time. Additionally, he would be limited to
> occasional above the shoulder reaching with the right
> hand and arm, but would be capable of frequent above the
> shoulder reaching with the left hand and arm. He would
> have difficulty handling with the right hand with
> difficulty gasping due locking of the fingers and a grasp
> which may be incomplete. This may lead to difficulty
> holding a glass and the claimant might be prone to
> dropping things due to his grasp. Additionally, he would
> be limited to occasional fingering with the right hand
> and fingering with keyboarding may be difficult due to
> finger locking. Lastly, the claimant would be limited to
> occasional pushing and pulling with the right upper
> extremity and left lower extremity, but he is capable of
> frequent pushing and pulling with the left upper
> extremity.

(AR 273-74.) The ALJ therefore determined that Plaintiff was
unable to perform any past relevant work. (AR 277.) At step

five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy. (AR 278.) Specifically, the ALJ found that Plaintiff was capable of performing the jobs of surveillance system monitor, based on the testimony of VE Miksic at the October 22, 2009 hearing, and call-out operator, based on evidence from the 2006 hearing. (Id.)

At the October 2009 hearing, after VE Miksic testified that Plaintiff could perform the surveillance system monitor job, Plaintiff's counsel asked,

> [W]e have this person who's 47 years old and if we're going to compare this 47-year-old person who could do the full range of sedentary work who's three years older, someone who was 50, so [your] testimony is telling us that basically that these physical limitations that have been documented are a greater vocational detriment than three years of age, is that correct?

(AR 388.) VE Miksic responded, "Yes." (AR 389.) The ALJ then asked,

> [C]ould you say that again? You kind of lost me. I thought I was on the same wave length but I just want to be sure I understand your argument.

(Id.) Counsel then stated,

> What I was positing was comparing this hypothetical person here with the one job to a person who's 50 years old who has basically the full range of sedentary work. Who's worse off, essentially, this 47-year-old person or someone who's three years older who can do the full range of sedentary work and Ms. Miksic testified that these

7

vocational factors and impairments and limitations are
worse vocationally.  So, what I'm saying is that if a
person who's 50 years old is disabled at sedentary, my
client who's limited to the one job would also have to be
found disabled.

(Id.)  The ALJ responded that that was a "creative" argument.
(Id.)

**V.   DISCUSSION**

> A.   <u>The ALJ Properly Found that Sufficient Numbers of
> Surveillance System Monitor Jobs Existed in the Economy
> that Plaintiff Could Perform</u>

Plaintiff contends that the ALJ erred in adopting the
testimony of VE Miksic regarding the number of surveillance
system monitor jobs in the economy because the numbers were not
supported by substantial evidence.  (Pl.'s Mot. at 6.)  At the
hearing, VE Miksic testified that someone with Plaintiff's RFC
would be able to perform the occupation of surveillance system
monitor, which involves sedentary work and carries the number
379.367-010 in the Dictionary of Occupational Titles ("DOT").
<u>See</u> 1991 WL 673244.  (AR 385.)  She further testified that there
were approximately 1500 such jobs locally and 98,000 nationally.
(Id.)  In response to a question from Plaintiff's counsel
regarding the source of this information, the VE testified that
she had used data from the U.S. Bureau of Labor Statistics from
the first quarter of 2009.  (AR 386.)

Following the ALJ's decision denying benefits, Plaintiff
submitted new evidence to the Appeals Council seemingly
undermining VE Miksic's testimony regarding the availability of

surveillance system monitor jobs suitable to Plaintiff's RFC.
(AR 256-67.)  The evidence consisted primarily of two statements
from the Occupational Employment Quarterly ("OEQ"), a publication
of United States Publishing Company, a private company.  The
statements were from the third quarter of 2009 and showed that
there were no surveillance system monitor positions available in
the national or local economy at the sedentary level.[2]  (AR 256-
67.)  As Plaintiff has an RFC that is even more restrictive than
sedentary, the OEQ statements purportedly demonstrated that no
surveillance system monitor jobs that Plaintiff could perform
existed in the relevant time period.  (AR 278.)  The Appeals
Council denied review, finding that the additional documentation
was "insufficient to rebut the testimony of the vocational expert
and the [DOT]."  (AR 253.)

When, as here, "new and material evidence is submitted" to
the Appeals Council relating "to the period on or before the date
of the [ALJ's] hearing decision," the Appeals Council must
consider the additional evidence in determining whether to grant
review.  See 20 C.F.R. § 416.1470(b).  When, as here, the Appeals
Council did consider additional evidence but denied review, the
additional evidence becomes part of the administrative record for
purposes of this Court's analysis.  See Harman v. Apfel, 211 F.3d
1172, 1179-80 (9th Cir. 2000); Taylor v. Comm'r of Soc. Sec.

---

[2] The OEQ statements submitted by Plaintiff list employment
based on census codes.  Each census code comprises a group of
codes from the DOT.  The DOT code for surveillance system
monitor, 379.367-010, falls under census code 392.  (AR 261.)
The OEQ statements, which break down employment data for each
census code into exertional levels, state that there are no
"sedentary" positions for census code 392.  (AR 265, 267.)

Admin., 659 F.3d 1228, 1232 (9th Cir. 2011). This Court then engages in an "overall review" of the ALJ's decision, including the new evidence, to determine whether the decision was "supported by substantial evidence" and was "free of legal error."[3] Taylor, 659 F.3d at 1232.

The resolution of this case is governed by Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996). In that case, the ALJ relied upon the Medical-Vocational Guidelines to find that there were jobs in the national economy that the claimant could perform. Id. In seeking review of the ALJ's decision, the claimant submitted to the Appeals Council a vocational expert's report concluding that there were no jobs she could perform. Id. at 971. The Ninth Circuit held that because the ALJ relied on proper evidence in concluding to the contrary, the Appeals Council was "free to reject evidence produced by [the claimant's] vocational expert, evidence which was obtained after an adverse administrative decision." Id. at 972. Moreover, the Appeals Council was not required to make any findings concerning its rejection of the evidence. Id.

Here, similarly, the ALJ's decision was supported by substantial evidence and free of legal error because she properly relied on VE Miksic's testimony, as to which Plaintiff has not

_____

[3] This review comes under "sentence four" of 42 U.S.C. § 405(g), not "sentence six." See, e.g., Boucher v. Astrue, No. C09-1520-JCC, 2010 WL 2635078 (W.D. Wash. June 25, 2010). "Sentence six" review considers whether to compel the Commissioner to accept "additional evidence" not previously "incorporate[d] . . . into the record." § 405(g). Here, the Commissioner already incorporated the additional evidence into the record before the Appeals Council.

identified any error, and the DOT.  See 20 C.F.R. § 416.966(e)
(authorizing ALJs to rely on vocational expert testimony to
determine occupational issues); Osenbrock v. Apfel, 240 F.3d
1157, 1163 (9th Cir. 2001) (testimony of qualified vocational
expert constitutes substantial evidence).  Rather, Plaintiff
seems to claim only that his evidence, which he likewise did not
present until "after an adverse administrative decision," was
somehow "better" than VE Miksic's testimony and the DOT's
description of the surveillance system monitor job as sedentary.
See DICOT 379.367-010, 1991 WL 673244.  That is not enough to
gain remand.  See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.
2002) ("Where the evidence is susceptible to more than one
rational interpretation, one of which supports the ALJ's
decision, the ALJ's conclusion must be upheld.").

Accordingly, substantial evidence supported the ALJ's finding
that Plaintiff could perform the surveillance system monitor job,
and that determination was free of legal error.[4]  Thus, remand
is not warranted on this basis.[5]

---

[4] Because the Commissioner properly concluded that Plaintiff
could perform the job of surveillance system monitor, the Court
does not consider Plaintiff's argument that it erred in finding
that he could perform the call-out operator job.  Any error was
necessarily harmless.  See Gray v. Comm'r of Soc. Sec. Admin.,
365 F. App'x 60, 63 (9th Cir. 2010) (affirming ALJ's finding that
Plaintiff could find work because, "[e]ven assuming, arguendo,
that two of the three jobs named by the [vocational expert] . . .
were inconsistent with [plaintiff's residual functional
capacity]," third job was not and was enough to support ALJ's
conclusion).

[5] The Court further notes that Plaintiff has not presented
any reason why he did not proffer his evidence, which presumably
was available at the time of the hearing (if not for the third
quarter of 2009, then for the second quarter), to the ALJ, rather

    B.   <u>Plaintiff's Argument that a Finding of Disabled Was</u>
        <u>Warranted Based on the Grid Is Without Merit</u>

Plaintiff contends that a finding of disabled was warranted based on comparison of the occupational base available to him with the occupational base available to other claimants who are considered disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201 ("the grid"). (Pl.'s Mot. at 7-8.)  According to Plaintiff, he is capable of performing fewer jobs than a person who would have been deemed disabled under Rule 201.12 of the grid and thus was entitled to a "disabled" determination.  (<u>Id.</u>); 20 C.F.R. Pt. 404, Subpt. P, App. 2, R. 201.12.  Specifically, Plaintiff asserts that he is "worse off vocationally" than a person three years older but capable of performing the full range of sedentary work. (Pl.'s Mot. at 7.)  He cites <u>Swenson v. Sullivan</u>, 876 F.2d 683, 689 (9th Cir. 1989), for the proposition that comparison to adjacent grid rules is appropriate.  (<u>Id.</u> at 7-8.)

<u>Swenson</u> merely stands for the proposition that an ALJ errs

---

than waiting to submit it to the Appeals Council.  Reviewing administrative records supplemented with information the ALJ did not consider "mire[s]" the federal courts "in an Alice in Wonderland exercise of pretending that evidence the real ALJ didn't know existed was really before him."  <u>Angst v. Astrue</u>, 351 F. App'x 227, 229-30 (9th Cir. 2009) (Rymer, J., concurring).  It also encourages inertia by not penalizing those who, for no reason other than lack of preparation, do not present their best evidence to the ALJ.  <u>Taylor</u> relies on <u>Ramirez v. Shalala</u>, 8 F.3d 1449 (9th Cir. 1993), for the proposition that review of such evidence in these circumstances is proper, <u>see</u> 659 F.3d at 1232, but in fact <u>Ramirez</u> did not decide the issue.  <u>See</u> <u>Angst</u>, 351 F. App'x at 229; <u>Mayes v. Massanari</u>, 276 F.3d 453, 461 n.3 (9th Cir. 2001).  Nonetheless, because <u>Taylor</u> holds that district courts must consider such evidence and review the "overall record," the Court does so here.

by failing to clarify ambiguous testimony concerning the
operation of the grid.  876 F.2d at 688.  There is no statute,
regulation, or case law holding that an ALJ must carry out a
comparison between entries on the grid.

In this case, the ALJ <u>did</u> seek clarification of the record.
After Plaintiff's counsel asked VE Miksic about whether Plaintiff
was in a worse position than someone three years older with fewer
RFC limitations and VE Miksic answered that he was, the ALJ
asked,

> [C]ould you say that again?  You kind of lost me.  I
> thought I was on the same wave length but I just want to
> be sure I understand your argument.

(AR 389.)  Counsel then explained his position further, and the
ALJ responded that it was a "creative" argument.  (<u>Id.</u>)  Thus,
the ALJ did all that was required of her.  Accordingly, remand is
not warranted on this ground.

**VI. CONCLUSION**

For the reasons stated above, Plaintiff's motion for summary
judgment is DENIED, Defendant's motion for summary judgment is
GRANTED, the decision of the Social Security Commissioner is
AFFIRMED, and the action is DISMISSED with prejudice.


DATED: <u>February 21, 2012</u>       _____
                                  JEAN ROSENBLUTH
                                  U.S. MAGISTRATE JUDGE

13